UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELKYSSEDEX ANTONIO LOPEZ FERREY,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2863

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.15, 16.) In an order entered on October 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of September 24, 2026, bond hearing on October 21, 2026, (Resp., ECF No. 5; Recording of Sept. 24, 2026, Bond Hearing, filed on Oct. 21, 2026), and Petitioner filed his reply on October 22, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Nicaragua who entered the United States in 2021. (Notice to Appear (NTA), ECF No. 5-1, PageID.130.) On November 12, 2025, Petitioner was arrested by ICE. (2025 Form I-213, ECF No. 5-5, PageID.145.)

On August 7, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Lopez Ferrey v. Raycraft* (*Lopez Ferrey I*), No. 1:26-cv-2278 (W.D. Mich.). In *Lopez Ferrey I*, the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requiring Petitioner to exhaust his available administrative remedies by requesting a bond hearing under 8 U.S.C. § 1226(a) from Respondent. Op. & Jud., *Lopez Ferrey I*, (W.D. Mich. Aug. 19, 2026), (ECF Nos. 7, 8).

On September 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 5-9, PageID.156.) At the conclusion of the September 24, 2026, hearing, the immigration judge denied Petitioner's request for bond, stating, "[Petitioner] failed to carry his burden of proof to show that he's not a danger . . . Alternatively, I'm finding that he's a flight risk. He's [been] ordered deported by a different immigration judge [and] he's failed to show any, set forth any evidence to show a significant likelihood of success on the appeal." (Recording of Sept. 24, 2026, Bond Hearing, at 10:12–10:50, filed on Oct. 22, 2026.) In the Immigration Court's written order following the bond hearing on September 24, 2026, the Immigration Judge denied bond, stating: "Danger and alternatively a flight risk." (Order Immigration Judge, ECF No. 5-9, PageID.156.)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 28, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge